**STATE of Iowa, Appellee,**

v.

**Edwin A. HAGEMEIER, Appellant.**

**No. 66366.**

Supreme Court of Iowa.

Sept. 23, 1981.

Francis C. Hoyt, Jr., Appellant Defender, and Chris T. Odell, Asst. Appellant Defender, for appellant.

Thomas J. Miller, Atty. Gen. and Richard L. Cleland, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

Defendant entered pleas of guilty to two separate counts of operating a motor vehicle without the owner's consent in violation of section 714.7, The Code 1981. These convictions arose from unrelated incidents in which defendant was charged in juvenile court with theft in the second degree. §§ 714.1 and 714.2(2), The Code 1981. Defendant became 18 years of age soon after the second charge was filed. The cases were transferred to district court and thereafter, as a result of a plea bargain, the charges were reduced. A violation of sec-

tion 714.7 is an aggravated misdemeanor. § 714.7, The Code.

▮ I. The three assignments of error challenge only the imposition of sentence. The State concedes defendant is entitled to be resentenced by reason of his second assignment in which he complains that the trial court was prompted in part in selecting sentence by defendant's arrest in an unrelated matter the night before sentence. Details of the arrest were not explained. Indeed the trial court declined defendant's offer to explain the circumstances. We also agree that the defendant must be resentenced by reason of this assignment. *See generally State v. Swartz*, 278 N.W.2d 22, 26 (Iowa 1979). This makes it unnecessary for us to consider defendant's third assignment, that he was denied his right of allocution under Iowa R.Crim.P. 22(3)(d).

II. Because it may recur upon remand for resentence we should consider defendant's first assignment of error. In it he complains that the trial court, in selecting sentence, considered defendant's juvenile record. This calls for an interpretation of section 232.55, The Code, which provides:

1. An adjudication or disposition in a proceeding under this division shall not be deemed a conviction of a crime and shall not impose any civil disabilities or operate to disqualify the child in any civil service application or appointment.

2. The adjudication and disposition of a child and evidence given in a proceeding under this division shall not be admissible as evidence against the child in any subsequent proceeding in any other court before or after reaching majority except in a sentencing proceeding after conviction of a felony.

Section 232.55 was adopted by the Acts of the 67th G.A., 1978, ch. 1088, § 35, effective July 1, 1979. Prior to that time our cases indicated that it was proper, in sentencing an adult criminal, to consider a past juvenile record. *State v. Davis*, 195 N.W.2d 677, 678 (Iowa 1972); *State v. Stevenson*, 195 N.W.2d 358, 361 (Iowa 1972). This seems to be the general rule where not prohibited by statute. Annot., 64 A.L.R.3d 1291 (1975); 43 C.J.S. Infants § 84 at 307 (1978); 47 Am.Jur.2d, Juvenile Courts, Etc., § 56 (1969). Section 232.55 is modeled after the uniform juvenile court act section 33(b) which also distinguishes between felony and misdemeanor cases, allowing for consideration of juvenile records in sentencing felons but not misdemeanants.

The State argues vigorously that statutes such as ours should not be interpreted to prohibit consideration of a juvenile record as a sentencing consideration because the juvenile record is not "evidence against the child." *See Young v. State*, 553 P.2d 192, 196–97 (Okl.Cr. 1976). Our difficulty with such an interpretation arises from the legislative decision, expressed in the statute, to allow the evidence "in a sentencing proceeding after conviction of a felony." § 232.55.

▮ We cannot believe the legislature subscribed to such a fine distinction (evidence of juvenile adjudication distinguished from consideration of juvenile adjudication). Such a distinction seems at odds with the legislature's choice to allow evidence of juvenile adjudications only in sentencing proceedings for felons. Evidence at sentencing proceedings, to the extent allowed by the statute, must have been intended for consideration in the exercise of sentencing discretion. In such a proceeding it could serve little other purpose. But the allowance was limited to those proceedings at which felons are sentenced. Misdemeanants are excluded. Because defendant here was sentenced as a misdemeanant it was, under the legislative mandate, error to consider his juvenile record.

The judgment of the trial court is reversed in part and the case remanded for resentencing in accordance with the views expressed in this opinion.

REVERSED IN PART AND REMANDED.