**STATE of Iowa, Appellee,**

v.

**Samuel Ellis CHEATHEAM, Appellant.**

**No. 96–1850.**

Supreme Court of Iowa.

Oct. 22, 1997.

Jerald W. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Susan M. Crawford, Assistant Attorney General, and J. Patrick White, County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

PER CURIAM.

■ At issue in the present case is whether the district court may consider a juvenile record, pursuant to Iowa Code section 232.55(2) (1995),[1] when sentencing a defendant for multiple convictions where one of the convictions is a serious or simple misdemeanor. The defendant argues the district court may not do so. We disagree and affirm.

The defendant, Samuel Cheatheam, was an inmate at the Iowa Medical and Classification Center at Oakdale in February 1996. While incarcerated, Cheatheam participated in a riot, following which he was charged with assault on a peace officer, in violation of Iowa Code section 708.3A(3) (Supp.1995), second-degree criminal mischief, in violation of Iowa Code sections 716.1, 716.2 and 716.4,. and interference with official acts, in violation of Iowa Code section 719.1(2). Cheatheam pleaded guilty to all three charges and was sentenced to an indeterminate term of imprisonment not to exceed five years on the second-degree criminal mischief charge, up to two years on the assault charge, and a one-year jail sentence on the interference charge. The sentencing court directed that the sentences run consecutively to each other and consecutive to any other sentences Cheatheam was already serving. When explaining its reasons for the sentences imposed, the court noted the information contained in the presentence investigation report regarding Cheatheam's extensive juvenile record, including his history of prior assaults. Cheatheam subsequently filed this appeal challenging his sentences.

■ Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure, such as the trial court's consideration of impermissible factors. *State v. Loyd,* 530 N.W.2d 708, 713 (Iowa 1995). A trial court's sentencing decision is cloaked with a strong presumption in its favor, and an abuse of discretion will not be found unless a defendant shows such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Johnson,* 513 N.W.2d 717, 719 (Iowa 1994).

■ Cheatheam contends the district court abused its discretion in referring to his juvenile record when sentencing him on his serious misdemeanor conviction for interference with official acts because section 232.55(2) prohibits the use of a juvenile's record in sentencing a defendant convicted of a serious or simple misdemeanor.[2] He argues the court's issuance of a consecutive sentence on the serious misdemeanor convic-

1. All references are to the 1995 Iowa Code except where otherwise noted.

2. The assault-on-a-peace-officer charge is an aggravated misdemeanor, *see* Iowa Code § 708.3(A)(3), and the second-degree-criminal-mischief charge is a class "D" felony, *see id.* § 716.4.

tion demonstrates he was prejudiced by the court's consideration of an impermissible factor. We find no merit to these arguments.

Iowa Code section 232.55(2) provides:

Adjudication and disposition proceedings under this division are not admissible as evidence against a person in a subsequent proceeding in any other court before or after the person reaches majority except in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor. Adjudication and disposition proceedings may properly be included in a presentence investigation report prepared pursuant to chapter 901 and section 906.5.

Prior to its amendment in 1985, section 232.55(2) provided that juvenile adjudications could not be used as evidence against a person in a subsequent proceeding before or after the person reached the age of majority except in a sentencing proceeding after conviction of a felony. *See* Iowa Code § 232.55(2) (1983); 1985 Iowa Acts ch. 179, § 1. The legislature thus amended section 232.55(2) to allow the introduction of juvenile adjudications in the sentencing process of those persons convicted of a felony or an aggravated misdemeanor. Section 232.55(2) is silent, however, regarding the situation where a defendant has been convicted of multiple crimes, some of which are serious or simple misdemeanors.

Little Iowa case law exists interpreting section 232.55(2). In *State v. Hagemeier*, 310 N.W.2d 218, 219 (Iowa 1981), decided prior to the 1985 amendment, we held that under pre-amendment section 232.55(2), the legislature had chosen to allow evidence of juvenile adjudications only in sentencing proceedings for felons, not misdemeanants. There does not, however, appear to be a published Iowa decision in which we have addressed the application of section 232.55(2), as amended, when a district court is sentencing a defendant for multiple offenses, some of which are serious or simple misdemeanors. A search of other states reveals little guidance concerning when juvenile adjudications may be used in adult sentencing procedures. Most states, however, generally agree that in adult criminal proceedings, juvenile adjudications

may be used at sentencing if the adult has been convicted of a felony. *See, e.g., People v. Whalin*, 885 P.2d 293, 298 (Colo.Ct.App. 1994); *State v. Brown*, 121 Idaho 385, 825 P.2d 482, 488 (1992); *State v. Koehmstedt*, 297 N.W.2d 315, 318–19 (N.D.1980).

We conclude that Cheatheam is not within the class of persons whom the legislature intended to protect in enacting and amending section 232.55(2). All three charges filed against Cheatheam were raised in a single trial information, and he pleaded guilty to all three offenses in a single guilty plea proceeding. Since Cheatheam's juvenile record would be properly admitted for purposes of sentencing on the felony and aggravated misdemeanor convictions, we do not believe it was the legislature's intent to require the sentencing court to compartmentalize multiple convictions and separate them subject to the prohibitions of section 232.55(2).

We conclude the district court did not abuse its discretion in considering Cheatheam's juvenile record in imposing sentence. Therefore, Cheatheam's sentences are affirmed.

**AFFIRMED.**