# IN THE COURT OF APPEALS OF IOWA

No. 16-2105
Filed June 21, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CRAIG LEE MILLER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Randy V. Hefner, Judge.

A defendant appeals his conviction for second-degree burglary. **AFFIRMED.**

Emily K. DeRonde of DeRonde Law Firm, P.L.L.C., Johnston, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Craig Miller appeals his conviction for second-degree burglary. We find the district court did not abuse its discretion or consider improper factors in its sentence. We preserve Miller's claim of ineffective assistance of counsel for potential postconviction proceedings. We affirm the district court.

### I. Background Facts and Proceedings

Miller had been employed at Edgewater, a care center for the elderly, but lost his job. On August 28, 2015, Miller burglarized his former employer. Pursuant to a plea agreement, Miller agreed to plead guilty to one count of second-degree burglary, in violation of Iowa Code sections 703.1, 703.2, 713.1, and 713.5 (2015). In return the State agreed to recommend a suspended sentence and probation in lieu of prison. The plea agreement was not conditioned on the district court's acceptance.

Miller claims his trial counsel advised him the court had agreed to be bound to the sentencing recommendations of the plea agreement. At the plea hearing it was made apparent the district court was not bound by the sentencing recommendations in the plea agreement:

> THE COURT: Do you understand, Mr. Miller, that any plea agreements or sentencing recommendations made to the Court at the time of your sentencing are not binding on the Court and that the Court is free to impose any sentence it feels is appropriate at the time of sentencing? In other words, while the parties may both be recommending probation to the sentencing Judge, the sentencing Judge does not have to follow that agreement and could impose a prison term if he or she thinks it's appropriate. Do you understand that?
> MR. GRAVES: Did you understand that, sir?
> THE DEFENDANT: Yes, sir.
> THE COURT: So, in other words, there are no guarantees as to what your sentence is going to be. Do you understand?

THE DEFENDANT: Yes, sir.

At sentencing, the district court stated:

> Your prior record is not good, six prior felonies.
> Some of those felonies did occur quite some time ago. However, in the course of those felonies you violated parole. I believe the PSI indicates you violated probation. In addition to this crime, you pled guilty to a felony in the summer of 2015. You recently pled guilty to another felony in Polk County.
> Employment has been sporadic. Your family circumstances do involve six daughters. You have a long history of drug and alcohol abuse. You've been in multiple treatment programs.
> This crime involved a burglary into a care center for the elderly. According to the PSI you are in the moderate to high category to recidivate. That means to commit more crimes. You are also in the moderate to high category for future victimization.
> The goals of sentencing are to protect the community from further offenses by you and to provide you with a sentence that would provide you with the maximum opportunity for your rehabilitation.
> Now I understand that the author of the presentence investigation report is recommending probation. I understand you've been in the Bridges program, and you are here in front of this court telling me that you are sincerely pursuing your recovery, and I trust that is correct.
> However, I cannot overlook your past criminal history, your recent felony convictions. To suspend this prison sentence would minimize your ongoing criminal conduct.
> You're going to, I hope you pursue recovery from your addiction, but you're going to do it in prison.

Miller was sentenced to a term of incarceration not to exceed ten years. Miller now appeals.

## II. Standard of Review

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure, such as the trial court's consideration of impermissible factors." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997). "A trial court's sentencing decision is cloaked with a strong presumption in its favor, and an abuse of

discretion will not be found unless a defendant shows such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* However, when constitutional claims are raised, our review is de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). Claims of ineffective assistance of counsel are reviewed de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

### III. Sentencing

Miller frames his claim as a challenge to a grossly disproportionate sentence. However, nearly the entire argument is focused on an unstated claim the district court failed to properly weigh the factors under Iowa Code section 901.5. The State argues Miller "wholly fails to set out the legal framework for a cruel and unusual punishment argument." We disagree and so will address both claims.

### a. Cruel and Unusual

To determine if a sentence is grossly disproportionate, Iowa courts follow a three step procedure.

> The first step in this analysis, sometimes referred to as the threshold test, requires a reviewing court to determine whether a defendant's sentence leads to an inference of gross disproportionality. This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence. If, and only if, the threshold test is satisfied, a court then proceeds to steps two and three of the analysis. These steps require the court to engage in an intrajurisdictional analysis comparing the challenged sentence to sentences for other crimes within the jurisdiction. Next, the court engages in an interjurisdictional analysis, comparing sentences in other jurisdictions for the same or similar crimes.

*State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012) (internal citations omitted).

However, "it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Id.* We are bound to give "substantial deference to the penalties the legislature has established for various crimes." *Id.* at 650. Generally, we find punishments within the statutorily defined limits are not cruel and unusual punishments. *State v. Kyle*, 271 N.W.2d 689, 693 (Iowa 1978). The penalty imposed on Miller is within the statutorily allowed limits, and we find it is not cruel and unusual. Therefore, we find Miller has not met the threshold test, and therefore, "no further analysis is necessary." *Oliver*, 812 N.W.2d at 650.

### b. Abuse of Discretion

Following a guilty plea, the district court has discretion in sentencing. The district court may order incarceration, a suspended sentence, probation, or other options. Iowa Code §§ 901.5, 907.3. A sentencing judge is required to examine all pertinent information, including the presentence investigation report, before determining the best option for sentencing the defendant. *Id.* § 901.5. The district court is charged with ordering a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offences by the defendant and others." *Id.*

Miller had been participating in the Bridges of Iowa, an intensive substance abuse treatment program, and was reported to be making strong progress. The presentence report also indicated Miller was employed at the time of sentencing. The Dallas County attorney, Miller's trial counsel, and the presentence report all recommended probation. Miller claims the district court disregarded the presentence investigation by not following its recommendation,

finding Miller's employment history was sporadic, and giving greater weight to Miller's previous felony charges and other convictions.

During the sentencing hearing, the district court asked clarifying questions regarding the presentence report, noted prior felony charges and convictions, and noted violations of parole, a history of substance abuse, the nature of the offense, and the defendant's moderate to high likelihood of recidivism. The district court then specifically stated the goals of the sentence were the rehabilitation of the defendant and the protection of the public. When ordering incarceration, the district court emphasized Miller's prior criminal history as its primary consideration.

We find the district court did not abuse its discretion and considered all pertinent information. Allowing discretion in sentencing creates a range of acceptable choices, "choices upon which individual judges may differ." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). The district court does not abuse its discretion unless "such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Cheatheam*, 569 N.W.2d at 821. The district court's discretion was based on reasonable conclusions drawn from the available information. We therefore affirm the district court's sentence.

## IV. Ineffective Assistance

Miller also claims trial counsel was ineffective. He claims trial counsel advised him, and the Polk County court, the plea agreement had been approved and accepted by the Dallas County court. This was untrue. Only the Dallas County attorney had approved and accepted the plea. Additionally, Miller claims

trial counsel's failure to advise him of his ability to withdraw his guilty plea and failure to file a motion in arrest of judgment were both instances of ineffective assistance as well.

We find the record before this court is not adequate to resolve these claims. Therefore, we affirm Miller's conviction but preserve all claims of ineffective assistance of counsel for possible postconviction-relief proceedings. *See State v. DeCamp*, 622 N.W.2d 290, 296 (Iowa 2001) ("Ineffective assistance of counsel claims presented on direct appeal are typically preserved for [postconviction-relief] proceedings to allow for a full development of the facts surrounding the conduct of counsel.").

**AFFIRMED.**