# IN THE COURT OF APPEALS OF IOWA

No. 16-2090
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICKALAS MICHAEL LAWRENCE SPIKER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, John G. Linn (Plea), and John M. Wright (Sentencing), Judges.

        Nickalas Spiker appeals his conviction and sentence for lascivious acts with a child. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, for appellee State.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Nickalas Spiker appeals his conviction and sentence for lascivious acts with a child. We find the record sufficient to vacate the sentence and remand for resentencing before a different judge because of the consideration of improper factors in sentencing. We affirm Spiker's conviction, but remand for resentencing.

## I. Background Facts and Proceedings

On February 27, 2015, A.D., age thirteen, manually stimulated Spiker, age sixteen. Spiker pled guilty to lascivious acts with a child, in violation of Iowa Code section 709.8(1)(b) and (2) (2015) on September 14, 2016. Pursuant to a plea agreement, the State recommend the minimum fine, a suspended sentence, and placement in the youthful-sex-offender program.

In announcing the sentence, the district court referred multiple times to the forcible nature of the offense and stated the act was oral sex. The district court further referred to portions of the minutes of testimony regarding threats of violence if the act was not performed or "she screamed or yelled." The district court imposed a ten-year sentence, stating the act was not the result of "youthful naiveté" and was a "horrible crime" for which the victim would require extensive therapy. Spiker was sentenced to a term of incarceration not to exceed ten years.

After both the State and defense counsel alerted the district court the forcible oral sex was not the act with which Spiker had been charged, the district court held a second hearing on November 14. The district court admitted it "made a mistake during [Spiker's] sentencing hearing." The district court further

stated, "sometimes we don't have a lot of time to read through the files before we come into court and hold hearings" it had "I scanned the minutes of testimony to find information contained therein" and, in doing so, gave justifications for the sentence based on "something that was irrelevant to [Spiker's] sentencing hearing." The district court then corrected the record to refer to the sex act Spiker pled guilty to, but the sentence it imposed remained the same. Spiker now appeals.

## II. Standard of Review

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure, such as the trial court's consideration of impermissible factors." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997). "A trial court's sentencing decision is cloaked with a strong presumption in its favor, and an abuse of discretion will not be found unless a defendant shows such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* However, when constitutional claims are raised, our review is de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

## III. Consideration of Unproven and Uncharged Conduct

Spiker claims the district court relied on uncharged and unproven facts contained in the minutes of testimony and that this reliance resulted in a violation of his due-process rights. The district court relied heavily on sections of the minutes of testimony, alleging another child, E.R., was forced to perform oral sex on Spiker. "A sentencing court may consider unprosecuted offenses in imposing sentences only if admitted by the defendant or adequate facts are presented at

the sentencing hearing to show the defendant committed the crimes." *See State v. Delaney*, 526 N.W.2d 170, 179 (Iowa Ct. App. 1994) (citing *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982)).

The district court properly admitted it considered improper factors and had the foresight to make a full and accurate record of its decision. The district court stated, "After the sentencing hearing, counsel for the State and your attorney advised the Court that the Court had made a mistake in stating that the act which was mentioned in the minutes was not the act you participated in."

However, the district court failed to resentence Spiker. Even when "the district court attempt[s] to disclaim the reference to the impermissible sentencing factor, 'we cannot speculate about the weight the sentencing court gave to these unknown circumstances. Since we cannot evaluate their influence, we must strike down the sentence.'" *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (citing *Black*, 324 N.W.2d at 316). We applaud the district court's candid admission but are required to "vacate the defendant's sentence and remand the case to the district court for resentencing before a different judge." *Id.*

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**