# IN THE COURT OF APPEALS OF IOWA

No. 17-0602
Filed January 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN WESLEY HUSS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling, Judge.

A defendant appeals his consecutive sentences for two counts of assault while displaying a dangerous weapon. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**TABOR, Presiding Judge.**

John Huss appeals the indeterminate two-year consecutive prison sentences imposed following his guilty pleas to two counts of assault while displaying a dangerous weapon. Citing his solid work history and family circumstances, Huss contends the district court abused its discretion by denying his request for suspended sentences. Because the record reveals nothing unreasonable about the chosen sentences, we affirm.

Huss, who was twenty-nine years old, assaulted twin brothers at knifepoint outside a bar in Fort Madison. Both victims suffered multiple stab wounds. The State filed an eight-count trial information, charging Huss with two counts of attempt to commit murder, two counts of willful injury, two counts of carrying weapons, and two counts of assault while displaying a weapon. After reaching a plea bargain with the State, Huss pleaded guilty to two counts of assault while displaying a weapon, aggravated misdemeanors, in violation of Iowa Code section 708.2(3) (2016).

At the sentencing hearing, the brothers gave victim impact statements discussing the profound effect of the assaults and asking the court to impose the maximum sentence. In mitigation, Huss presented testimony from his employer and his girlfriend with whom he had a child. Defense counsel acknowledged Huss had a "lengthy criminal history" but argued Huss "did change" since his release from prison in 2012. The defense emphasized Huss was a good employee and supported his child. The prosecution lobbied for consecutive prison sentences because of Huss's long record of violent offenses and his previous failure on supervised release.

The district court ordered Huss to serve indeterminate two-year terms of incarceration for both assaults to run consecutively. The court explained Huss was "not a youthful offender" and had a history of violent crime. The court was especially bothered by Huss's display of the knife during the assaults. On appeal, Huss challenges only his prison sentence.

We review Huss's sentence for correction of legal error and will not reverse unless we find the sentencing court abused its discretion or allowed some defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because Huss's sentence fell within the statutory limits, we entertain a presumption in its favor. *See id.* A district court abuses its discretion when it chooses a sentence on untenable grounds. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). The grounds are untenable when they are "not supported by substantial evidence" or are "based on an erroneous application of the law." *Id.* (quoting *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014)).

Huss argues the court abused its discretion by denying his request for probation. He complains the sentencing decision takes him away from his family and the opportunity "to continue his gainful employment."

The district court's choice to grant or deny probation is a matter of "broad discretion subject only to the statutory provision that the grant shall promote the rehabilitation of the defendant and the protection of the community." *State v. Ramirez*, 400 N.W.2d 586, 590 (Iowa 1987) (citing Iowa Code §§ 901.5, 907.5 (1985)). When exercising its sentencing discretion, the district court must weigh relevant factors such as the nature of the offense and attending circumstances; the defendant's age; and his character, propensities, and chances of reform. *See*

*State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). A sentencing court owes "a duty to the public as much as to defendant" when deciding if probation is appropriate. *Id.* (quoting *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999)).

The court here considered Huss's age and work history, as well as his "numerous felony convictions of violence" and his "inability to perform well on probation and parole." The court's decision to impose consecutive prison terms was reasonable under the circumstances. On this record, Huss cannot overcome the strong presumption of validity given to the sentencing court's exercise of discretion. *See State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997).

**AFFIRMED.**