# IN THE COURT OF APPEALS OF IOWA

No. 18-0417
Filed October 10, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**XAVIER ASHBY LOGAN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District

Associate Judge.


Xavier Ashby Logan appeals his conviction for assault causing bodily injury.

**AFFIRMED.**



Andrew C. Abbott of Abbott Law Office, PC, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Kevin R. Cmelik, Israel J. Kodiaga, and

Kelli A. Huser (until withdrawal), Assistant Attorneys General, for appellee.



Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Xavier Ashby Logan appeals his conviction for assault causing bodily injury, claiming the court denied him a deferred judgment because of a fixed policy. We find the district court did not abuse its discretion in pronouncement of judgment by engaging in a fixed sentencing policy.

On December 9, 2017, Ashby Logan got into a fight with another man, and grabbed the other man around the neck, placed him in a chokehold, and obstructed the other man's ability to breath, causing red marks around the victim's neck, scrapes to his knee, and an abrasion above his eye.

The State charged Ashby Logan with assault with intent to inflict serious injury in violation of Iowa Code section 708.2(1) (2017), and assault causing bodily injury in violation of section 708.2(2). A no-contact order was issued between Ashby Logan and the victim. Ashby Logan and the State reached an agreement, and Ashby Logan pleaded guilty to assault causing bodily injury in exchange for the State dismissing the assault with intent to inflict serious injury charge. The parties jointly recommended a deferred judgment, an assaultive-behavior class, community service, civil penalty, and an extension of the no-contact order.

On February 16, 2018, the court accepted Ashby Logan's plea and sentenced him in a single hearing. The court did not follow the parties' joint sentencing recommendation, instead imposing a suspended one year jail term,[1]

---

[1] The court's written judgment does not include the suspended jail term. When a discrepancy exists between the oral pronouncement of sentence and the written judgment, the oral pronouncement governs. *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). The proper remedy for the discrepancy is to remand for entry of a nunc pro tunc order correcting the clerical error in the written judgment entry. *Id.* at 529. The court should enter a nunc pro tunc order correcting the written judgment in this case.

one year of probation, the assaultive-behavior class, a fine and accompanying surcharges. Ashby Logan appeals, claiming the district court failed to consider alternate dispositions, failed to exercise its discretion in sentencing, and failed to provide sufficient reasons for the sentence.

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997) (citation omitted). "We give sentencing decisions by a trial court a strong presumption in their favor." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015)*.* "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006).

A sentencing court must actually apply its discretion. *State v. Jackson*, 204 N.W.2d 915, 917 (Iowa 1973). A sentencing court may not select only one attending circumstance to trigger a fixed sentencing policy; rather, sentencing courts must give due consideration to all circumstances in the case. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). The sentencing court should engage in an independent consideration in each case and reject the use of fixed policies. *State v. Hager*, 630 N.W.2d 828, 834 (Iowa 2001).

Prior to Ashby Logan entering his plea, the court specifically advised Ashby Logan it was not bound by the State's recommendation, defense counsel's recommendation, or Ashby Logan's request. Ashby Logan admitted to the court prior to its acceptance of his plea he could have avoided the altercation and did not strike the other man to protect himself or a third party.

During sentencing, the court asked if the State was recommending a deferred judgment, to which defense counsel explained it was a joint recommendation. The court then noted "this is not a crime that I normally would defer judgment on." Ashby Logan points to this last comment as indicative of a personal fixed policy by the court to not grant a deferred judgment for this kind of case. However, immediately after the court's comment, the court stated it did not see mitigating circumstances but would consider any mitigation in its decision. The court then specifically asked Ashby Logan if he had anything to state to show a deferred judgment would be appropriate for the assault committed. Ashby Logan answered "No."

The court then sentenced Ashby Logan to one year due to the assaultive circumstance of the case, but suspended the sentence and placed him on probation because he had no previous criminal history. The judgment and sentence are well within statutory parameters. The court was not bound by the plea agreement, and advised Ashby Logan it was not bound by any recommendations prior to its acceptance of his plea. The court did not impose a fixed policy in sentencing, but specifically sought mitigating factors to justify deferring judgment. When asked, Ashby Logan did not provide any reason to mitigate, and provided no mitigating circumstances to the offense when pleading to the offense.

The sentence imposed by the court was well within its discretion. *See* Iowa Code §§ 903.1(1), 907.3(3). We do not find the court relied on any impermissible factors in entering its judgment and sentence, and so find no abuse of discretion.

**AFFIRMED.**