# IN THE COURT OF APPEALS OF IOWA

No. 18-1418
Filed March 6, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**GREGORY HINTZE,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


 A defendant appeals following his conviction for extortion. **SENTENCE**

**VACATED AND REMANDED.**


 Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant

Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


 Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Gregory Hintze appeals following his conviction for extortion. Hintze claims the court abused its discretion in sentencing by allowing the victim's mother to provide a victim impact statement and by considering unproven and unprosecuted offenses. We vacate the defendant's sentence and remand for resentencing before a different judge.

## I.      Background Facts & Proceedings

In June and July 2017, Hintze posted nude photos of M.G. on the door of the apartment she lived in with her husband and threatened further distribution of the photos around the apartment complex if M.G. and her husband did not pay him money. The State charged Hintze with one count of extortion, in violation of Iowa Code section 711.4 (2017); two counts of first-degree harassment, in violation of section 708.7(2); and being a habitual offender, in violation of section 902.8.

On May 18, 2018, pursuant to a plea agreement with the State, Hintze pleaded guilty to extortion, a class "D" felony. As part of the agreement, the State dropped the two counts of harassment and the habitual offender enhancement. The parties were free to argue over the appropriate sentence. For a factual basis, Hintze admitted to threatening to post photos of M.G., communicating the threat to M.G., having the intention of receiving something back, and that he did not have the right to do so. The court accepted Hintze's plea.

The court held a sentencing hearing on July 24. Hintze requested probation, and the State requested imprisonment. According to the pre-sentence investigation report, Hintze's criminal history includes three convictions for second-degree sexual abuse of young children in 1990.

M.G., the extortion victim, had died under unrelated circumstances in February 2018, and her mother asked to give a victim impact statement at the sentencing hearing. Hintze objected to the mother providing a statement, but the court overruled the objection. The mother's victim impact statement included implications Hintze requested M.G. procure a child for him. The court stated it was not taking the mother's statement into consideration in its sentencing decision. The court then cited the minutes of testimony as supporting the mother's allegations. Defense counsel objected as Hintze had not admitted that portion of the minutes, and the mother interjected, "It's true." In response, the court stated it "does not take into consideration the statements in the minutes of evidence that were not admitted to by the Defendant." The court then referred to Hintze's criminal history as "in and of itself sufficient for the Defendant to deserve the jail time that the Court will impose in this matter." The court also found jail time necessary for the protection of the public.

The court entered judgment and imposed the statutory sentence of an indeterminate term of imprisonment not to exceed five years and the minimum required fine and surcharge. Hintze appeals, claiming the sentencing court abused its discretion by considering improper factors in sentencing him including an improper victim statement and unproven, unprosecuted offenses.

## II. Standard of Review

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will only reverse the district court if the court abuses its discretion or there is a defect in the sentencing procedure. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). If a

court uses any improper consideration in sentencing a defendant, resentencing is required. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

### III.     Analysis

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997) (citation omitted). "We give sentencing decisions by a trial court a strong presumption in their favor." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006).

Hintze claims the court improperly considered a victim impact statement offered by the mother of M.G. The State agrees M.G.'s mother does not fall within the statutory definition of victim for purposes of a victim impact statement. Because M.G. died under circumstances unrelated to Hintze's case, the State urges it was reasonable to allow the mother to speak on M.G.'s behalf and her comment during the sentencing hearing about an unproven bad act cannot be shown to have affected the sentencing decision.

The authority to submit victim impact statements is wholly statutory and limited to specific persons. *State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004). That group of persons only extends to immediate family members of the person suffering physical, emotional, or financial harm if the victim "died or was rendered incompetent as a result of the offense or who was under eighteen years of age at the time of the offense." Iowa Code § 915.10(3). Even if a party has no standing

under section 915.10 to provide a victim impact statement, it does not require vacation of the sentence unless prejudice results. *See State v. Sumpter*, 438 N.W.2d 6, 9 (Iowa 1989).

A district court may not consider unproven or unprosecuted offenses in sentencing a defendant unless (1) the facts before the court reveal that the defendant committed the offense, or (2) the defendant admits it. *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (citation omitted). The portions of the minutes not necessary to establish the plea's factual basis are deemed denied by the defendant and a sentencing court cannot rely on them. *Id.* "If a district court improperly considers unprosecuted and unproven additional charges, we will remand the case for resentencing." *Formaro*, 638 N.W.2d at 725.

The mother's statement was hostile, bitter, and exhibited a desire for retribution against Hintze. The mother's statement introduced facts not otherwise in the record and included serious allegations against Hintze that mirrored Hintze's prior offenses. The court stated it was not taking the mother's statement into consideration for sentencing purposes, then cited the minutes of testimony where a police report noted M.G. making the same allegations. Defense counsel properly objected as Hintze had not admitted facts supporting those allegations. As the court and defense counsel discussed whether the allegation could be considered, the victim's mother interjected, "It's true." The court then stated it would not consider the minutes not admitted to by Hintze.

The mother's victim impact statement resulted in the introduction of prejudicial information into the sentencing court's consideration. She introduced facts and unproven crimes outside the record of the plea. The court found the statement not prejudicial because the allegations were contained in the minutes of testimony, but the allegations were in the unadmitted and unproven portion of the minutes of testimony. The mother's statement and the court's initial disclaimer based on unadmitted portions of the minutes of testimony engenders some question as to their effect on the court's consideration. "We cannot speculate about the weight a sentencing court assigned to an improper consideration . . . ." *Gonzalez*, 582 N.W.2d at 517. Therefore we vacate the defendant's sentence and remand for resentencing before a different judge.

**SENTENCE VACATED AND REMANDED.**