# IN THE COURT OF APPEALS OF IOWA

No. 18-2188
Filed March 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEVEN DESCHEPPER,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Mark D. Cleve (plea hearing) and Henry W. Latham II (sentencing), Judges.


A defendant challenges his consecutive sentences for two drug offenses.
**AFFIRMED.**


Eric D. Tindal of Keegan Tindal & Mason, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Deven Deschepper pleaded guilty to possession with intent to deliver marijuana, a class "D" felony, and possession of amphetamine, a serious misdemeanor. The district court sentenced him to an indeterminate term of five years on the felony and a determinate term of 365 days on the misdemeanor—to run consecutively. The court suspended incarceration and placed Deschepper on supervised probation for three years. He appeals, arguing the court abused its discretion in declining to defer judgment and in not stating a reason for the consecutive terms. Finding no abuse of discretion, we affirm the sentence.

We review a sentence to see if the district court properly exercised its discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). An abuse of discretion occurs if the grounds for the sentence are not supported by substantial evidence or are based on an erroneous application of the law. *Id.* Our task on appeal is not to second guess the sentencing court's decision but to assess "if it was unreasonable or based on untenable grounds." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

To help us evaluate its exercise of discretion, a sentencing court must state on the record its reason for selecting the particular sentence. *See* Iowa R. Crim. P. 2.23(3)(d). Beyond that requirement, the court must explicitly state the reason for imposing consecutive sentences, though the court may rely on the same reason as it did in arriving at the underlying sentence. *See Hill*, 878 N.W.2d at 275.

In his first issue on appeal, Deschepper claims he was entitled to a deferred judgment[1] rather than probation. Deschepper believes the sentencing court abused its discretion by paying too much attention to his history of offending as a juvenile. He notes "at the time of sentencing [he] was only 20 years old and had a year of sobriety under his belt." Deschepper contends the court should have elevated his recent rehabilitation efforts and deferred judgment.

A sentencing court's mission is to consider all pertinent information before deciding which option "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 . When exercising its sentencing discretion, the court must weigh relevant factors such as the nature of the offense and attending circumstances; the defendant's age; and the defendant's character, propensities, and chances of reform. Iowa Code § 907.5; *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006).

Here, the sentencing court carried out that mission. The court told Deschepper that it appreciated his allocution. Deschepper had expressed his gratitude for the addiction treatment he was receiving at the One Eighty Zone, a community outreach organization. The court told Deschepper, "I have seen a lot

---

[1] The presentence investigation (PSI) report stated Deschepper did "not appear to be eligible" for a deferred judgment. *See* Iowa Code § 907.3(1)(a) (2019) (listing conditions disqualifying a defendant from receiving a deferred judgment). The PSI preparer did not say why. At the sentencing hearing, defense counsel asked for supervised probation. Counsel noted his client had never been granted a deferred judgment but counsel admitted he couldn't "actually tell if he is eligible or not based on the juvenile adjudications." Like the district court, we may assume without deciding Deschepper was eligible for a deferred judgment.

of people that have had a lot of success through that program. It's not easy, as you know. But if you keep at it, you will have some success in your life."

After acknowledging Deschepper's efforts at rehabilitation and his chances of reform, the court returned to his propensity to reoffend. The court reasoned: "[T]he basis of my decision not to grant a deferred judgment in this case is the criminal history and the violence that has been in the past. I don't find that it's appropriate for a deferred judgment given your extensive criminal history." The court then offered Deschepper what could be described as a pep talk:

> I understand you're a young man. I don't want you to be disappointed with that decision, sir. All right. You can come out of this. You can still come out of this and have a productive life within the community. It's going to take some work on your part. And I think you recognize that right now. And I commend you on your one year sobriety. I know that's not easy. Every day is not easy. Particularly with an addiction that you have had for so long. But I believe that you will be able to make it on the terms of probation with help of your probation officer and the folks at the One Eighty Zone.

On this record, Deschepper cannot overcome the strong presumption of validity accorded the sentencing court's exercise of discretion. *See State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997).

In his second claim on appeal, Deschepper asserts the court's reasons for issuing consecutive sentences was "essentially non-existent in this record." We disagree. The court expressly stated: "The sentences will be consecutive due to the extensive criminal history." That statement complied with the mandate in *Hill*. *See* 878 N.W.2d at 275. We find no basis for resentencing.

**AFFIRMED.**