# IN THE COURT OF APPEALS OF IOWA

No. 20-0583
Filed February 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAYVON ARON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Jayvon Aron appeals his sentence following conviction for the offense of possession of a firearm by a felon (adjudicated delinquent). We find no abuse of discretion by the sentencing court. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Jayvon Aron appeals his sentence from a conviction for possession of a firearm by a felon (adjudicated delinquent). He argues the district court should have been obligated to apply the *Miller*[1] factors in imposing consecutive sentences. Aron also claims the sentencing court failed to articulate how consecutive sentences provide maximum opportunity for his rehabilitation. Finding no abuse of discretion by the sentencing court, we affirm the sentence.

## I. Background Facts and Proceedings.

Shots rang out in Waterloo in July 2019. Police officers heard the shots and observed several persons running, get into a car, and take off. The gun shots damaged two nearby vehicles. Police officers later found the car abandoned with its doors open in a driveway and identified it as stolen from Minnesota. The car struck another car parked in the driveway. Police found a .22 caliber Ruger pistol in the open front passenger door. Witnesses at the scene told the police they saw five people fleeing the car on foot. The suspects were caught, and witnesses identified Aron as one individual that fled from the car. Seventeen-and-a-half-year-old Aron admitted to driving the vehicle at the time of the shooting and admitted to handling the stolen gun by passing it from the front center console to the back seat.

---

[1] *Miller v. Alabama*, 562 U.S. 460, 464-72 (2012). *See also State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014) (discussing and listing the *Miller* factors: (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change).

In January 2020, Aron entered a guilty plea to the offense of possession of a firearm by a felon (adjudicated delinquent) in violation of Iowa Code § 724.26(1) (2019). The district court sentenced Aron to an indeterminate five-year term of incarceration, to run consecutive to Aron's indeterminate five-year term of incarceration from another Class D felony case—assault causing serious injury. He now appeals.

## II. Standard of Review.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will be overturned only for an abuse of discretion or for considering inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). So, "[w]e review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted). An abuse of discretion will be found only if we can discern that the district court exercised its decision on grounds or for reasons that are clearly untenable or unreasonable. *Formaro*, 638 N.W.2d at 724. "A district court's 'ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law.'" *Hill*, 878 N.W.2d at 272 (citation omitted). "Our task on appeal is not to second guess the sentencing court's decision but to assess 'if it was unreasonable or based on untenable grounds.'" *State v. Deschepper*, No. 18-2188, 2020 WL 1049860, at *1 (Iowa Ct. App. Mar. 4, 2020) (citation omitted).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to articulate on the record its reason for selecting the particular sentence. *Hill*, 878 N.W.2d at 273. Rule 2.23(3)(d) applies to the district court's decision to impose

consecutive sentences. *Id.* This requirement ensures a defendant understands the consequences of his or her criminal actions and allows us to review the district court's discretion in its decision. *Id.* In imposing consecutive sentences, the court may rely on the same reason as it did in arriving at the underlying sentence. *See Hill*, 878 N.W.2d at 275.

### III. Analysis

On appeal, Aron first argues he was prejudiced "as a thoughtful consideration of the factors related to juvenile criminal defendants would have likely resulted in a less restrictive sentencing alternative." He requests his case "be reversed and remanded for an individualized sentencing hearing employing the factors articulated in *Miller v. Alabama*." He recognizes that our supreme court "has previously determined that individualized sentencing is not required for crimes committed by juveniles when indeterminate sentences are ordered." *See State v. Propps*, 897 N.W.2d 91, 104 (Iowa 2017) (*Miller* individualized sentencing hearing is not required for juvenile defendants who are not subject to a mandatory minimum period of incarceration). But he asks the court to abandon that position and require individualized sentencing for all crimes committed by juveniles. We cannot do so. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Aron next argues the district court's reasoning does not adequately explain imposing consecutive sentences, nor does it explain why consecutive sentences will advance penological goals of sentencing. In its written ruling the sentencing

court stated: "The Court determines that the above sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the PSI [presentence investigation report], if any."  At sentencing, the district court listened to Aron's allocution but had concerns about Aron's propensity to reoffend and his inability to control his impulses and anger. During sentencing, after the prosecutor reviewed the PSI,[2] the court explained its reasoning behind sentencing Aron to consecutives sentences:

> Mr. Aron, you have a significant past history and while I also would believe that your own review of that is—it does indicate that there's issues with your impulsiveness and that you have anger control issues, it's apparent, from a review of this. . . .
> I believe that at this point you are not amenable to supervision and that incarceration is the appropriate sentence at this point in time.
> . . . .
> Again, for the same reasons, the extensive history, the threat I think you impose at this time to the community and not being amenable to supervision in the community, I think warrants a consecutive sentence in this case.
> It is my hope that even though this is—will result in a more lengthy term of incarceration for you, that you will use that time to get the services that are available to you there, pursue your GED, pursue anger management and if available, also other mental health counseling that might benefit you. The goal long-term is for you to become a productive member in society.
> But at this point in time, I believe the sentences should be consecutive to one another for the reasons stated.

On this record, Aron cannot overcome the strong presumption of validity accorded to the sentencing court's exercise of discretion.  *See Deschepper*, 2020

---

[2] The PSI lists many instances, dating to 2014, of assaultive behavior and various other criminal acts for which Aron was adjudicated delinquent.  After being arrested and charged for the current offense, but before sentencing, Aron was convicted of assault on persons engaged in certain occupations and was sentenced to two years in prison.

WL 1049860, at *2 (citing *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997)). Courts are not "required to specifically acknowledge each claim of mitigation urged by a defendant" when explaining a sentencing decision—and even "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The sentencing court may determine which sentencing options "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. Here the district court met its duty. The court emphasized that its sentencing decision was tailored to provide Aron with an opportunity for rehabilitation while protecting the community. The district court based its decision for imposing consecutive sentences on reasonable and valid considerations and sufficiently articulated its reasons. We therefore conclude the sentencing court did not abuse its discretion.

**AFFIRMED.**