# IN THE COURT OF APPEALS OF IOWA

No. 21-1130
Filed April 13, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DUSTIN JUNGVIRT,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

A defendant appeals the sentence imposed following his guilty plea to insurance fraud, claiming the district court failed to properly consider which sentencing option would best rehabilitate him. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by May, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Dustin Jungvirt appeals his sentence following his guilty plea to insurance fraud, claiming the district court failed to properly consider which sentencing option would best rehabilitate him. As we find the district court did not abuse its discretion in sentencing, we affirm.

## I.    Background Facts & Proceedings

On November 29, 2018, the State charged Jungvirt with insurance fraud, claiming he filed false claims with his insurance carrier. Jungvirt was alleged to have committed the offense while on probation for child endangerment causing bodily injury. The State later added a charge for fraudulent practice. After Jungvirt's arrest, he was released to the Iowa Department of Corrections for supervision.

In May 2020, Jungvirt was arrested for assault while displaying a dangerous weapon. Due to the arrest, the court revoked Jungvirt's pretrial release. Jungvirt entered a plea agreement on September 11, admitting to the probation violation and pleading guilty to insurance fraud. He also entered a plea of guilty to four counts of forgery in a separate case. The State dismissed the fraudulent-practice and assault charges, as well as theft charges stemming from the same incidents as the forgery charges. As part of the plea agreement, the State agreed to recommend Jungvirt for a residential treatment facility if Jungvirt was deemed appropriate for placement in the facility. If Jungvirt was denied a placement in a residential facility, the State could recommend any legal sentence. Sentencing was set for October 16. The court received a presentence investigate report (PSI)

in early October, which recommended probation and placement in a Davenport residential correctional facility (RCF).

Jungvirt failed to appear for sentencing, resulting in the court issuing a bench warrant for his arrest. He was not apprehended until May 2021. Due to his absconding, the RCF would not approve him for placement. Sentencing took place on July 16. Jungvirt asked for probation, highlighting as mitigating factors his desire to see family, his limited criminal history, mental-health and substance-abuse issues, and progress he had made toward his education. The State urged the court to impose a prison sentence.

The court sentenced Jungvirt to a prison term of five years for insurance fraud, to run consecutively to the two-year sentence for Jungvirt's forgery convictions.[1] Jungvirt appeals the sentence imposed for insurance fraud.[2]

## II.     Standard of Review

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion such as the trial court's

---

[1] The court also revoked Jungvirt's probation, imposed the original sentence, and ordered that sentence run consecutively to the two other sentences. However, this appeal concerns only the sentence imposed as to the insurance fraud charge in FECR395451 (Scott County).

[2] Jungvirt argues that the amendments to Iowa Code section 814.6(1) (Supp. 2019) are not applicable to his case as his case was pending on July 1, 2019. However, our supreme court has held "the date of the *judgment* being appealed controls the applicability of the amendment to section 814.6." *State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) (emphasis added). The date of the judgment at issue here was July 19, 2021—after the July 1, 2019 effective date—and the amendments govern. *See id.* at 103 ("The amendment plainly applies to Damme's appeal because her judgment and sentence were entered on July 1, 2019."). However, Jungvirt has good cause to appeal his sentence following his guilty plea because the sentence imposed was neither mandatory nor agreed to in the plea bargain. *See id.* at 105.

consideration of impermissible factors." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997). "A trial court's sentencing decision is cloaked with a strong presumption in its favor, and an abuse of discretion will not be found unless a defendant shows such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

## III. Discussion

Jungvirt contends the district court abused its discretion when it sentenced him to a prison term rather than probation. Iowa Code section 901.5 provides that courts should consider which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." When evaluating those considerations, courts "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities[,] and chances of his reform." *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019) (quoting *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967)).

The district court did not abuse its discretion when sentencing Jungvirt. During the sentencing hearing, the court explained its reasoning as follows:

> In every case, my duty under the law is to review what is available to me in terms of community resources and to determine what the appropriate rehabilitative plan for you would be, but to always remember first and foremost that the public must be protected.
> In doing so, I look at the seriousness of the crimes, the effect the crimes have upon members of the community, your willingness to accept change and treatment, and what's available within the community to assist you in this process.
> . . . .

The first thing that jumps out at me in looking at the file is that you had a plea agreement for probation. You were at the RCF and something happened and you were out to warrant, then, from October 22nd to May 30th. You knew at that time you pled guilty. You knew you had to take care of these matters and you made no effort to do so, which tells me that you were absconding from your responsibilities and obligations for the crimes you committed.

It's not completely inconsistent with your criminal history. While these charges are more serious than maybe what you had in the past, you do have a history of failing to appear and a history of violating terms of probation.

I do consider as mitigating any substance abuse or mental health issues that you have.

What's also concerning to me is that looking at the file, case number 312, you were on probation with a sentencing date of July 19th, 2018, and then comes the insurance fraud case that you're here on today that happened after that, and it appears while you were on probation . . . .

And then, while you were awaiting trial on pretrial release in that matter, you pick up all the forgery charges that you've pled to in 505.

So each time when you committed a crime, before you resolved it, while you were still on some form of probation, you committed another crime. To me, that warrants incarceration.

The court properly considered the defendant's chances of reform, criminal history, mitigating factors such as mental health and substance abuse, the resources available to the defendant, the effect Jungvirt's crime had on the community, and what punishment would best protect the public. In particular, the court emphasized Jungvirt's consistent pattern of engaging in illegal activity while on probation or pretrial release. The court determined incarceration was necessary.

While the PSI did recommend probation and treatment in a RCF, the report was written before Jungvirt absconded for seven months. It was written before Jungvirt was denied placement at the Davenport RCF. The court considered "what[ ] [resources are] available within the community," which, given Jungvirt's

denial from RCF, were limited.  In any event, a district court is not bound by the recommendations in a PSI.  *See State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015).  Due to its consideration of the relevant factors, the district court did not abuse its discretion concerning Jungvirt's sentence.  Accordingly, we affirm.

**AFFIRMED.**