# IN THE COURT OF APPEALS OF IOWA

No. 17-2037
Filed November 7, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**BOBBY JOE MORRIS,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Des Moines County, John G. Linn

(plea) and Mary Ann Brown (sentencing), Judges.


     Bobby Joe Morris appeals his convictions for robbery in the second degree,

unauthorized use of a credit card, and ongoing criminal conduct.  **AFFIRMED.**


     Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


     Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Bobby Joe Morris appeals his convictions for robbery in the second degree, unauthorized use of a credit card, and ongoing criminal conduct. On appeal, Morris claims his counsel provided constitutionally ineffective representation by permitting him to plead guilty to ongoing criminal conduct without a sufficient factual basis. Morris also claims his pleas were not knowing and voluntary and his counsel was ineffective as he was not advised of the minimum surcharges on some counts, was not adequately advised of the nature of the offense of ongoing criminal conduct, and his attorney misrepresented the terms of the plea agreement. Finally, Morris claims the district court abused its discretion during sentencing by failing to consider a risk assessment, failing to provide reasons on the record for the appropriate mandatory minimum sentences, and imposing consecutive sentences. We find Morris's plea had an adequate factual basis, preserve his other claims of ineffective assistance of counsel for postconviction proceedings, and find the district court did not abuse its discretion during sentencing.

## I.    Background Facts & Proceedings

In 2016, Morris and a second person perpetrated a series of home invasion robberies, including on September 19, October 22, November 23, and an attempted home invasion on December 20. On October 22, store cameras recorded Morris attempting to purchase items using a debit card taken in a robbery earlier that day. The victims in the September and November robberies positively identified Morris and the other perpetrator to law enforcement by the use of photo lineups. The victim of the December 20 offense identified Morris as attempting to

force open the door while armed with a shotgun. Morris was apprehended after leaving the scene of the December 20 attempted robbery and subsequently confessed to its commission.

On December 30, 2016, the State charged Morris with four counts of robbery in the first degree, one count of attempted burglary, and one count of unauthorized use of a credit card.

Pursuant to a plea agreement, Morris pleaded guilty to two counts of robbery in the second degree, in violation of Iowa Code section 711.3 (2016), one count of unauthorized use of a credit card, in violation of sections 715A.6 and 715.6(2)(c), and one count of ongoing criminal conduct, in violation of sections 706A.2 and 706A.4. The plea agreement provided the parties would jointly recommend a seventy-percent mandatory minimum term on the robbery charges, which would run concurrent with the ongoing criminal conduct charge but consecutive to the unauthorized use of a credit card charge. This recommendation would result in a sentence of twenty-seven years, with a seven year mandatory minimum sentence. The court accepted Morris's guilty pleas on August 18, 2017.

After the plea and before sentencing, Morris's counsel filed a motion to withdraw. Morris filed a pro se motion to withdraw his plea, alleging his counsel provided ineffective assistance. A public defender was appointed to represent Morris. The court treated Morris's motion to withdraw his plea as a motion in arrest of judgment. Following a hearing, the court denied Morris's motion, concluding the plea was entered voluntarily, intelligently, and knowingly. In its decision, the court noted the transcript from the plea hearing directly refuted some of Morris's claims, making his credibility suspect.

At sentencing, the court rejected the parties' joint recommendation. The court ordered the two robbery sentences to run consecutive to each other, with the ongoing criminal conduct and unauthorized use of a credit card running concurrently. The court imposed a fifty-percent mandatory minimum on each robbery conviction, and minimum fines plus surcharges on the robbery and unauthorized use of a credit card counts. As ordered, Morris's sentence is twenty-five years in prison with a combined ten year mandatory minimum to be served before he is eligible for parole.

Morris appeals, claiming ineffective assistance of counsel, his pleas were not knowing and voluntary, and the sentencing court abused its discretion.

## II.     Standard of Review

"We review ineffective-assistance-of-counsel claims de novo." *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). We ordinarily preserve such claims for postconviction proceedings, but may resolve them on direct appeal if the record is adequate. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will only reverse the district court if the court abuses its discretion or there is a defect in the sentencing procedure. *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016).

## III.     Ineffective Assistance

"To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure." *State v. Fountain*, 786 N.W.2d 260, 265–66 (Iowa 2010). A defendant must prove both

elements. *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Counsel is presumed competent, and a defendant must show by a preponderance of the evidence that counsel's performance did not meet an objective standard of reasonableness. *State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). We may only address an ineffective-assistance claim on direct appeal if we have a record adequate to address the claim.

   **A.    Factual basis.** "[N]o advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). If no factual basis supports a guilty plea, then "counsel fail[s] to perform an essential duty both in allowing the plea to be made and in failing to pursue a motion in arrest of judgment to challenge it." *State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011); *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Finney*, 834 N.W.2d at 62. The district court need not have evidence beyond a reasonable doubt that the defendant committed the crime, just demonstrate facts to support the charge. *Id.*

   Morris contends his plea to ongoing criminal conduct had an insufficient factual basis. A factual basis for ongoing criminal conduct requires the State prove the defendant committed indictable offenses, the offenses were committed on a continuing basis, and the offenses were committed for financial gain. *See State v. Banes*, 910 N.W.2d 634, 640 (Iowa Ct. App. 2018). A continuing basis may be found where a demonstrated relationship exists between the predicate acts and a threat of continuing criminal activity. *State v. Reed*, 618 N.W.2d 327, 334–35 (Iowa

2000).  A relationship is shown by acts with "the same or similar purposes, results, participants, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated events."  *Id.* at 334.

Morris claims the numerous robberies committed over several months is insufficient to establish a threat of repetition.  The minutes of testimony reveal that over a period of four months Morris and another committed and attempted multiple robberies, targeting similar victims, in a limited geographical area, using similar means, and taking similar items from the completed robberies.   Robberies occurred in September, October, and November, and Morris was apprehended following an attempt in December.  On this record, the State demonstrated facts sufficient to support the charge Morris was committing, and would continue to commit, the offenses on a continuing basis.  We find there was a proper factual basis for the district court to accept Morris's guilty plea and trial counsel did not breach an essential duty in allowing him to plead guilty to ongoing criminal conduct and not filing a motion in arrest of judgment.

**B.     Failure to advise on terms and consequences of agreement.** Morris claims his attorney provided ineffective assistance by giving erroneous advice and failing to advise him of the circumstances of the plea, the offenses he was pleading to, and the mandatory minimum sentences.  The record on direct appeal is inadequate to reveal the advice provided by Morris's counsel or Morris's understanding of that advice.   We preserve Morris's claim for possible postconviction proceedings to allow the development of an adequate record and provide trial counsel an opportunity to defend against the claim.  *See State v. Carroll*, 767 N.W.2d 638, 646 (Iowa 2009).

**C.** **Unknowing and involuntary pleas.** "We review challenges to plea proceedings for correction of errors at law." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). We apply the substantial-compliance standard in determining whether a plea meets the requirements of rule 2.8(2)(b)(2). *Id.* at 406. "Substantial compliance requires that the essence of each requirement of the rule be expressed to allow the court to perform its important role in each case." *State v. Meron*, 675 N.W.2d 537, 544 (Iowa 2004).

A direct appeal claim relating to the adequacy of a guilty plea proceeding must first be asserted in a motion in arrest of judgment—failure to challenge the proceeding in such a motion precludes the defendant's right to assert a challenge on appeal. Iowa R. Crim. P. 2.24(3)(a). Morris claims that his pleas were not voluntarily and knowingly entered.

1. *Inadequate colloquy on motion in arrest of judgment.* Morris claims the colloquy relating to the motion in arrest of judgment was inadequate because it did not inform him he had to raise each specific issue to preserve error for appeal. The court advised Morris of the requirements of a motion in arrest of judgment as follows:

> COURT: Now, Mr. Morris, I wish to inform you that any challenge to your pleas of guilty based on alleged defects in the plea proceedings just completed must be raised in a Motion in Arrest of Judgment, which motion must be filed no later than five days prior to the time and date set for sentencing, and a failure to so raise such challenge shall preclude or waive your right to raise them on appeal.
> If you have any questions regarding this right, you should immediately bring your questions to the attention of your attorney.

This colloquy was sufficient to inform Morris that defects in the plea proceeding, including the surcharges advisement, should be included in a motion

in arrest of judgment. Morris's motion to withdraw his plea, and the resulting hearing considering it as a motion in arrest of judgment, exclusively addressed the perceived failures of Morris's attorney and the offenses Morris pleaded to, making no allegations about the court's plea proceedings. We find the colloquy was sufficient to inform Morris that a challenge to the plea proceedings must be raised by filing a motion in arrest of judgment. The only claims preserved for direct appeal rise from the ineffective assistance alleged by Morris against his attorney.

*2. Insufficient colloquy on mandatory surcharges.* Surcharges constitute punishment, and failure of the court to discuss surcharges as part of the possible punishment violates Iowa Rule of Criminal Procedure 2.8(2)(b)(2) and renders the plea unknowing and involuntary.[1] *Weitzel*, 905 N.W.2d at 408. The proper remedy on direct appeal for the court's failure to advise a defendant of surcharges is mandatory, automatic reversal. *Id.* In the context of an ineffective-assistance-of-counsel claim, the breach of essential duty and prejudice must be proven. Our supreme court has expressly rejected a per se rule of prejudice in an ineffective-assistance-of-counsel claim when the district court fails to inform the defendant of the maximum sentence. *State v. Straw*, 709 N.W.2d 128, 137 (Iowa 2006). A defendant must still show prejudice—that he "would not have pleaded guilty and would have insisted on going to trial" but for counsel's error. *Weitzel*, 905 N.W.2d at 402 (quoting *Straw*, 709 N.W.2d at 133).

---

[1] To substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b)(2), the court is required to inform the defendant about the thirty-five percent surcharges if applicable and about any offense-specific surcharges and to determine the defendant understands what the surcharges mean. *See Weitzel*, 905 N.W.2d at 408. The court's duty to ensure the defendant's understanding must occur during the oral plea colloquy or in any written waiver, it cannot be fulfilled by the actions of defense counsel prior to the colloquy. *See id.* at 408–09.

Nothing in this record indicates whether Morris would have refused to plead guilty but for counsel's error and would have insisted on going to trial. *See Straw*, 709 N.W.2d at 138. We preserve Morris's claim for postconviction relief to develop an adequate record as to the prejudice element.

*3.      Insufficient colloquy on nature of the offense.* To the extent Morris's motion to withdraw his plea raised claims regarding the offenses he pleaded guilty to, it was within the context of ineffective assistance of counsel. He did not raise inadequacy of the court's plea colloquy until this appeal, and error was not preserved to address on direct appeal.

## IV.      Abuse of Discretion in Sentencing

Morris claims the district court abused its discretion during sentencing in two ways. First, he claims the court failed to consider a validated risk assessment or articulate sufficient reasons for the mandatory minimums imposed. Second, he claims the court did not state specific reasons for imposing consecutive sentences.

"Generally, a sentence will not be upset on appellate review unless a defendant can demonstrate an abuse of discretion or a defect in the sentencing procedure." *State v. Cheatheam*, 569 N.W.2d 820, 821 (Iowa 1997) (citation omitted). "We give sentencing decisions by a trial court a strong presumption in their favor." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006).

Iowa Code section 902.12(3) requires a sentencing court to impose a mandatory minimum of one-half to seven-tenths of the maximum term of the

sentence for a conviction of robbery in the second degree. The sentencing court here imposed a within-range one-half of the maximum term as a mandatory minimum sentence for each count but ran the two sentences consecutively, rather than the seven-tenths mandatory minimums running concurrently as recommended by the parties. Because the court imposed the minimum required mandatory minimum on each robbery conviction, we read Morris's claims of abuse in discretion to relate to the court's decision to run the robbery sentences consecutively rather than concurrently, as jointly recommended by the parties.

In *State v. Gordon*, No. 17-0395, 2018 WL 2084847, at *7 (Iowa Ct. App. May 2, 2018) (en banc), *further review granted*, we found it significant the legislature only listed a "validated risk assessment" as pertinent information for the length of a mandatory minimum sentence within the specified range under section 901.11 but did not include the assessment among factors to be included in the presentence investigation report for all sentencing purposes or use in the determination to suspend a sentence or defer judgment. *See also Dixon v. Iowa Dist. Ct.*, No. 17-0369, 2018 WL 1182529, at *1 (Iowa Ct. App. Mar. 7, 2018). Similarly, the legislature did not add the validated risk assessment as consideration in the court's decision to order consecutive sentences. *See* Iowa Code § 901.8. Under *Gordon*, the court had no statutory authority to consider a risk assessment in its decision to make the robbery sentences consecutive instead of concurrent. Without statutory authority to act as Morris asserts, the court did not abuse its discretion in not considering a risk assessment.

A court imposing consecutive sentences must state on the record its reasons for imposing consecutive sentences. *State v. Jacobs*, 607 N.W.2d 679,

690 (Iowa 2000). At minimum, a cursory explanation must be provided to allow review of the trial court's discretionary action. *Id.* A review of the sentencing transcript shows the court gave sufficient and thoughtful consideration to Morris's sentences. The court noted the significant danger posed by Morris's crimes, found it "fortunate that no one was seriously injured," and stated Morris's previous efforts at rehabilitation had "not been significantly successful." The court expressed a need to prevent Morris from committing new crimes and to deter others. Further, the court ordered the robbery sentences to run consecutively to ensure each robbery was punished separately and distinctly, citing the crimes' separate dates and separate victims.[2] The court ran the sentences for ongoing criminal conduct and unauthorized use of credit card concurrently as the criminal conduct involved was included in the criminal conduct of the robberies.

The court was not required to consider a risk assessment, did consider multiple relevant factors in its sentencing decision, and provided sufficient reasoning on the record for imposing consecutive sentences for the robbery convictions. We find no abuse of discretion.

**AFFIRMED.**

---

[2] We note Morris pleaded guilty to the October 22 robberies, and the State dismissed the robberies and attempted burglary from September, November, and December. However, we note the two robberies were separated in time by approximately ninety minutes, and the two residences were several blocks apart, supporting the court's consideration of them as distinct offenses.